IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV205-03-MU

| | | |
|---|---|---|
| EMANUEL GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| RICHARD NEELY, Superintendent Charlotte | ) | |
| Correctional Center | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights

Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1) filed on April 30, 2010 (Doc. No. 1.)

Plaintiff contends that the on June 9, 2008 Correctional Officer Young directed that he open his

locker for a search. During the search a pack out was found in Plaintiff's locker. Officer Young

then order Plaintiff to leave the dormitory. Once outside, Officer Young sprayed mace into

Plaintiff's eyes and proceeded to kick and punch Plaintiff in his back and head. Plaintiff then

alleges that he was "handcuffed by the order of Sgt. Ellis which violates the North Carolina

General Statutes 14-8-20" and transported to Carolinas Medical Center where his eyes were

irrigated and he was released. Plaintiff contends that as a result of the incident with Officer

Young, he has decreased vision in both eyes. Plaintiff adds that Officer Yong was officially

reprimanded by the North Carolina Department of Corrections. Plaintiff aks the Court the grant

him "compensation, as a result of being pepper sprayed and battered. Injuries that required

medical treatment which left [him] mentally, emotionally and physically scared. [Plaintiff]

hereby request[s] that the court grant [him] compensation for pain and suffering in the amount of 50,000." (Complaint at 4.)

As an initial matter, the Court notes that Plaintiff names only Richard Neely, then Superintendent of the Charlotte Correctional Center, as a defendant in this case. However, there are no factual allegations against Mr. Neely in the body of the Complaint. Indeed, Mr. Neely is never mentioned in the Complaint other than being named in the caption. Therefore, there can be no individual liability as to Mr. Neely. Any claim against Mr. Neely, then Superintendent of Charlotte Correctional Center, therefore can only be construed as claim under a theory of supervisory liability. However, the Court notes, that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (in order for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights . . . ") (quoting Bennett v. Gravelle, 323 F.Supp 203, 214 (D. Md. 1971). Here, there is no allegation that Mr. Neely instituted any official policy that caused Plaintiffs alleged constitutional deprivation. Therefore, there is no basis upon which to attach supervisory liability to Mr. Neely. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Mr. Neely then is if Mr. Neely acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Here,

however, there is no allegation that Mr. Neely had knowledge of any "pervasive, unreasonable risk of harm." The allegations in the complaint simply do not establish that Mr. Neely knew of any unreasonable risk to Plaintiff. Therefore, Plaintiff has failed to state a claim against Mr. Neely. Because Mr. Neely is the only Defendant named in this action, Plaintiff's Complaint is dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: May 3, 2010

Graham C. Mullen
United States District Judge